IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK SOLOMON, : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-5606 |
| : | |
| CITY OF PHILADELPHIA, *et al.*, : | |
| Defendants. : | |

# ORDER

AND NOW, this 4th day of February, 2025, upon consideration of Plaintiff Malik Solomon's Amended Complaint (ECF No. 6), it is **ORDERED** that:

1. Solomon's request for declaratory relief based on the constitutional claims contained in his Amended Complaint is **DISMISSED WITH PREJUDICE**.[1]

2. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). The U.S. Marshal Service will not collect a fee for serving the summons and Amended Complaint pending further order of the Court.

3. Service will proceed against the following Defendants:

   a. City of Philadelphia

---

[1] As part of his Prayer for Relief, Solomon requests that the Court declare "that the acts and omissions described herein violated Plaintiff, Malik Solomons [sic] rights under the constitution and laws of the United States." (ECF No. 6 at 11.) However, declaratory relief is unavailable to adjudicate past conduct, so Solomon's request is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). Accordingly, Solomon's request for declaratory relief may not proceed.

   b. Sergent Black

   c. C. Brooks

   d. T. Henry

 4. Service cannot be made on the unidentified Defendants, John Does 1-5 and Jane Does 1-2, unless or until Solomon provides sufficient identifying information to allow for service.  The City of Philadelphia shall use its best efforts to identify the John Doe and Jane Doe Defendants, keeping in mind that the incident involving those Defendants is alleged to have occurred on June 28, 2023, at the Philadelphia Industrial Correctional Center.  It shall provide such information to Solomon, if available.  It remains Solomon's responsibility to identify the Doe Defendants.

 5. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Solomon together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph three (3) of this Order.[2]  The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

 6. To proceed with service, Solomon must complete a USM-285 Form for each Defendant listed in paragraph three (3) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order.  Service cannot be made by the U.S. Marshal Service until Solomon completes and returns these forms.

 7. In completing the USM-285 Form(s), Solomon is instructed as follows:

---

[2] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

a. Solomon should complete a separate USM-285 Form for each Defendant listed in paragraph three (3) of this Order. Only one Defendant's name should appear on each USM-285 Form.

b. Solomon shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

c. Solomon should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

d. Solomon must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Solomon's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

  e. Solomon must sign the USM-285 Form(s) on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide a telephone number and the date where indicated.

  f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Solomon's claims against any such Defendant.

8. Solomon is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

9. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Solomon returns in this case.

10. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

          BY THE COURT:

          /s/ Jeffrey L. Schmehl
          **JEFFREY L. SCHMEHL, J.**