IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIK SOLOMON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:24-cv-05606-JLS |
| | : | |
| CITY OF PHILADELPHIA, *et al.*, | : | |
|     Defendants. | : | |

# ORDER

**AND NOW**, this 3rd day of September, 2025, upon consideration of Plaintiff Malik Solomon's Amended Complaint (ECF No. 6) and "Request to Amend Complaint" (ECF No. 39), **IT IS HEREBY ORDERED** as follows:

1. The "Request to Amend Complaint" (ECF No. 39), in which Solomon seeks to identify by name six of the seven "Doe" Defendants listed in his Amended Complaint, construed as a Motion to Substitute Parties, is **GRANTED**. The operative pleading in this case remains the Amended Complaint (ECF No. 6).

2. The case shall proceed to service on the recently identified Defendants by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). The U.S. Marshal Service will not collect a fee for serving the summons and Amended Complaint pending further order of the Court.

3. Service will proceed against the following Defendants:

    a. Sergeant L. Nunes

    b. CO M. Marlow

    c. Ramel Young

    d. Jason Kurth

    e. Krystyna Hayles

    f. Holly Callahan

4.  In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Solomon together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph three (3) of this Order. The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

5.  To proceed with service, Solomon must complete a USM-285 Form for each Defendant listed in paragraph three (3) and return the completed forms to the Clerk's Office within **twenty-one (21) days** of the date of this Order. Service cannot be made by the U.S. Marshal Service until Solomon completes and returns these forms.

6.  In completing the USM-285 Forms, Solomon is instructed as follows:

  a. Solomon should complete a separate USM-285 Form for each Defendant listed in paragraph three (3) of this Order. Only one Defendant's name should appear on each USM-285 Form.

  b. Solomon shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order.

  c. Solomon should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

  d. Solomon must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Solomon's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the

addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

e. Solomon must sign the USM-285 Forms on the signature block marked "Signature of Attorney other Originator requesting service on behalf of: PLAINTIFF", and provide the date the form was signed.

f. Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Solomon's claims against any such Defendant.

7. Solomon is cautioned that failure to return the completed USM-285 Forms in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

8. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Solomon returns in this case.

9. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**